# EXHIBIT A

✦ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COLUMBIA COUNTY, GEORGIA
**2020ECV0602**
OCT 13, 2020 04:08 PM

Cindy Mason, Clerk
Columbia County, Georgia

IN THE SUPERIOR COURT OF COLUMBIA COUNTY
STATE OF GEORGIA

| | |
|---|---|
| GOLD CROSS EMS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| PANASONIC CORPORATION OF ) | |
| NORTH AMERICA, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES Plaintiff Gold Cross EMS, Inc. ("Gold Cross" or "Plaintiff") and for its Complaint against Defendant Panasonic Corporation of North America ("Panasonic" or "Defendant") shows as follows:

### INTRODUCTION

1. This is an action for negligence and strict products liability arising from a faulty battery sold to the Plaintiff in a Panasonic Toughpad, Model FZ-G1 (the "Toughpad"). The Toughpad was used by medical operating ambulances on behalf of Gold Cross. A defect in the battery caused it to catch fire on or about September 7, 2019, causing substantial damage to a Gold Cross ambulance, and rendering it unusable for approximately 130 days.

### PARTIES

2. Gold Cross is a Georgia corporation with its principal office located at 4328 Wheeler Road, Martinez, Georgia, 30907, and it submits to the jurisdiction and venue of this Court. Plaintiff is in the business of providing emergency medical transport (ambulance) service for residents of McDuffie, Jefferson, Richmond, Greene, Columbia Counites in Georgia, and Aiken County, South Carolina.

3. Defendant Panasonic Corporation of North America is a New Jersey corporation with a principal office located at Two Riverfront Plaza, Newark, NJ 07102. Defendant may be served via its registered agent, CT Corporation System, located at 289 S. Culver Street, Lawrenceville, Georgia 30046.

4. Jurisdiction is proper in this State because the transactions relating to the incident occurred in this State, the wrong was committed in this State, the injury was inflicted in this State, and because Defendant has purposefully availed itself of the privilege of conducting activities within this State, thus invoking the benefits and protection of its laws.

5. Venue is proper in Columbia County pursuant to O.C.G.A. § 9-10-93 because a substantial part of the business was transacted in this County, because the tortious act and injury occurred in this County, and because the damaged property was located in this County

## FACTUAL BACKGROUND

6. Defendant is the manufacturer of the Panasonic Toughpad, Model FZ-G1.

7. A defect in the Panasonic FZ-G1 tablet battery pack causes it to overheat and ignite, creating a fire hazard.

8. The problem stems from contamination inside the battery cells, from which a short circuit can occur inside the cell that can cause overheating and ignition.

9. Panasonic discovered the issue after receiving 16 separate reports of combustion between March and April 2017.

10. Panasonic issued a voluntary recall for the batteries specifically used in the Panasonic Toughpad, Model FZ-G1 because it discovered the battery packs can short circuit. The Panasonic recall notice states, "devices with this battery pack could overheat and ignite causing a fire hazard."

01401139-1

11. Plaintiff has purchased approximately 25 toughpads from authorized Panasonic Dealers. Defendant would occasionally send replacement batteries for the toughpads, which Plaintiff would replace as instructed while disposing of the old batteries, as instructed. Plaintiff was not aware that the battery in the Toughpad at issue was defective.

12. On the morning of September 7, 2019, the Gold Cross crew members noticed smoke in the cabin of ambulance unit Med31 (hereinafter "Med 31").

13. At the time of discovery, the fire that began spontaneously in the cabin burned itself out, due to lack of oxygen. However, it caused substantial damage to the ambulance from smoke and heat.

14. Plaintiff alerted Defendant of this discovery immediately, and a Senior Field Engineer from Panasonic came to inspect Med 31.

15. At the time of the inspection, the Panasonic engineer took possession of the Toughpad and battery, and never returned them to Gold Cross.

16. As a result of the fire that occurred in Med31, caused by the Toughpad, the Med31 unit had to be sent immediately to the factory for repairs.

17. The repair of the ambulance required a complete remount, meaning the ambulance was placed onto a new chassis. Plaintiff had to purchase a new truck, move the ambulance box from one truck to the other, and redo all wiring and connections that make the box of the ambulance function. This process took approximately 4.5 months at a cost of approximately $119,268.62.

18. Due to the fire, Gold Cross also suffered damages from the loss of use of its ambulance. The ambulance was out of service for approximately 130 days while the manufacturer was completing the remount, which included 100 operating days. Because it could

not use the ambulance unit to respond to calls, Gold Cross sustained a loss in revenue of approximately $218,557.50.

19. The spontaneous fire clearly originated at the Panasonic Toughpad unit, which resulted from a faulty battery.

## COUNT I – PRODUCTS LIABILITY/STRICT LIABILITY

20. Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in paragraphs 1-19 of this Complaint.

21. The Toughpad and its battery pack are designed, engineered, developed, manufactured, tested, produced, inspected, assembled, labeled, supplied, imported, distributed, and sold by the Defendant.

22. The Toughpad was unsafe for its intended use by reason of a defect in its design, engineering, development, manufacturing, testing, inspection, production and/or assembly, so that it would not safely serve its purpose but would instead expose the public and the Plaintiff to danger.

23. The Toughpad sold and supplied by Defendant was defective and unsafe at the time it was distributed and used by Plaintiff in that it contained batteries that could catch fire with no warning. These defects caused serious damage and could cause serious injuries when used as intended and in a foreseeable manner, and Defendant knew it would be used without inspection.

24. The Toughpad as sold by the Defendant was unreasonably dangerous in that it could combust at any time without warning for the user.

01401139-1

25. The Toughpad was unaccompanied by warnings of its dangerous propensities that were known or scientifically knowable at the time of distribution. Defendant failed to warn of a potential fire and injury.

26. Plaintiff was not aware of the danger for this Toughpad prior to the fire on September 7, 2019.

27. As a result of the defective product, the wrongful conduct or omissions of the Defendant, the Toughpad caught fire and caused sudden and calamitous damage to the Plaintiff's property, and a resulting substantial loss of business income.

28. Plaintiff is therefore entitled to damages as set forth above.

### COUNT II – PRODUCTS LIABILITY/NEGLIGENCE

29. Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in paragraphs 1-19 of this Complaint.

30. At all times herein mentioned, Defendant had a duty to properly test, analyze, inspect, research, distribute, evaluate, review, recommend, and provide proper warnings for the Toughpad.

31. At all times relevant herein mentioned, Defendant knew that the product was of such a nature that if it was not properly test, inspected, labeled, distributed, reviewed, evaluated, marketed, promoted, and recommended, it was likely to damage and injure users.

32. At all relevant times, Defendant was negligent, careless, reckless, and/or inattentive in the design, innovation, engineering, development, manufacturing, testing, production, assembly, labeling, supply, importation, inspection, distribution and/or sale of the Toughpad.

33. Defendant breached its duty by negligently and carelessly recommending, promoting, failing to test, failing to review, failing to evaluate, failing to inspect, and failing to research the Toughpad, and it acted negligently as set forth above and thereby caused Plaintiff damages.

34. As a direct and foreseeable consequence of the above conduct and/or omissions, the Toughpad caught fire and caused damage to the Plaintiff's property and business.

35. Plaintiff is therefore entitled to damages as set forth above.

## COUNT III – BREACH OF EXPRESS WARRANTY

36. Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in paragraphs 1-19 of this Complaint.

37. Defendant made representations about the quality of the Toughpad being sold to Plaintiff and presented themselves as experts in the determination of quality and reliability, and thereby created a warranty through their representations.

38. The Toughpad is marketed and sold by the Defendant as being capable of performance and use by first responders in hazardous locations and conditions.

39. In reliance upon these warranties and representations, Plaintiff acquired Toughpads for nearly all of its first responders.

40. Defendant breached its warranty and said breach caused the Plaintiff losses as set forth herein.

## COUNT IV – BREACH OF IMPLIED WARRANTY

41. Plaintiff hereby incorporates by references, as if fully set forth herein, each and every allegation contained in paragraphs 1-19 of this Complaint.

42. Defendant sold the Toughpad and had reason to know the purpose to which it would be used by Plaintiff, and that Plaintiff was relying upon defendant's expertise, and Plaintiff so relied to their detriment and sustained the losses set forth herein.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor against Defendant as follows:

a) A trial by jury;

b) Damages for all loss of property and resulting financial harm to the Plaintiff in an amount to be provide at trial;

c) Attorney's fees and costs; and

d) Such other relief as the Court deems appropriate.

Respectfully submitted, this 13th day of October, 2020.

/s/ *Christopher A. Cosper*
Christopher A. Cosper
Georgia Bar No. 142020
**Hull Barrett PC**
801 Broad Street, Suite 700
Augusta, Georgia 30901
(t) 706/722-4481
(f) 706/722-9779
(e) ccosper@hullbarrett.com

01401139-1